[L. A. No. 9107. Department Two.—June 19, 1928.]

OLIVER FETTERLEY, Appellant, v. THOS. A. OSBORNE, Respondent.

Oliver Fetterley, *in pro. per.,* for Appellant.

Irvin C. Taplin for Respondent.

TYLER, J., *pro tem.*—This is an appeal from a judgment dismissing the action after an order sustaining a demurrer to a second amended complaint without leave to amend. The plaintiff appears *in propria persona* and he attempts to state a cause of action for damages for illegal restraint and also to recover certain sums which he claims were unlawfully · expended on his behalf by defendant while acting as the guardian of his estate. The complaint indicates that plaintiff had been adjudged insane by the superior court of the county of Los Angeles and it recites that on December 19, 1923, he was adjudged sane and competent and fully restored to all his rights as a competent person. It alleges the appointment, in May, 1922, of defendant, as guardian of plaintiff's estate and it charges the unlawful and useless expenditure by defendant, as such guardian, of certain sums for clothing and other expenses for the benefit of plaintiff. A further allegation recites that plaintiff ran away from the Southern California State Hospital, where he was incarcerated, and defendant caused him to be returned to that institution without sufficient reason. It is then charged that by reason of the acts of defendant plaintiff was wrongfully deprived of his liberty, friends, and social surroundings and damages are alleged in the sum of $15,000. It is here claimed that the court below erred in sustaining the demurrer to the complaint as it was filed too late and judgment should have been rendered in favor of plaintiff upon a default. There is nothing in the record before us that sustains appellant in this contention. As against his unsupported statement it will be presumed that the court rightfully exercised its jurisdiction. That the complaint does not state a cause of action is plainly manifest.

Judgment affirmed.

Richards, J., and Shenk, J., concurred.